STATE of Missouri, ex rel. Lisa
PROCTOR, Relator,

v.

The Honorable Larry BRYSON,
Respondent.

No. SC 84622.

Supreme Court of Missouri,
En Banc.

March 4, 2003.

Rehearing Denied April 22, 2003.

Amy M. O'Keefe, Office of the Pub. Defender, Columbia, for Relator.

Deborah Daniels, Boone County Prosecutor, Columbia, for Respondent.

RONNIE L. WHITE, Judge.

*Introduction*

Lisa Proctor (Relator) was charged with harassment for frightening and threatening to commit felony assault on her alleged victim, Ed Baker. The assistant prosecutor in the underlying action requested that the Hon. Larry Bryson (Respondent) order a psychiatric evaluation of Relator pursuant to sections 552.020 and 552.030.[1] Because sections 552.020 and 552.030 do not allow the court to order such an evaluation, the preliminary writ of prohibition is made absolute.

## II.

Relator was charged with the class A misdemeanor of harassment. As part of the proceedings involving the harassment charge, the prosecutor motioned the court to order a psychiatric examination. The request for examination came absent any assertion by the Relator that she would assert mental disease or defect as a defense. As support for the motion, the State asserted that when arrested, Relator was very agitated, in a nervous state, and was very loud and verbally abusive.

On May 3, 2002, Respondent entered an order requiring Relator to undergo the State's requested psychiatric examination. The order directed the examination to determine whether Relator, as a result of mental disease or defect at the time of the alleged criminal conduct: 1) did not know or appreciate the nature, quality or wrongfulness of her conduct, or 2) was incapable of conforming her conduct to the requirements of the law.

On May 7, 2002, Relator requested a hearing from Respondent on the State's motion for psychiatric examination. On May 29, a brief hearing was held and Relator asserted her opposition to the proposed examination. The State argued that an examination was necessary to determine whether the proceedings should continue. The State based these arguments on the observations of the law enforcement officers who arrested Relator. Aside from the statements of the officers and some discussion of the appointment of a financial conservator, Respondent heard no further evidence on the issue of Realtor's mental health. Shortly after arguments, Respondent ordered Relator to undergo a psychiatric evaluation pursuant to section 552.020.

On June 4, 2002, Relator filed a petition for a writ of prohibition in the Court of Appeals for the Western District; that petition was denied on June 28. Relator then sought a Writ of Prohibition from this Court on July 16, and this Court granted a preliminary writ.

## III.

The extraordinary remedy of a writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy a excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order.[2]

---

1. All statutory references cite to RSMo 2000 unless otherwise indicated.

2. *Rockwood R–VI School District v. Romines,* 63 S.W.3d 682, 684 (Mo.App.2001).

In this case, the question as to whether prohibition is proper turns on the trial court's power to compel Relator to undergo a psychiatric evaluation. The need for a psychiatric evaluation prior to trial stems from the mandate of section 552.020.1, which states:

> No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures.[3]

■ Section 552.020 allows for a psychiatric evaluation to be conducted under two circumstances. The first circumstance when such an evaluation is proper occurs:

> Whenever any judge has *reasonable cause* to believe that the accused lacks mental fitness to *proceed,* he shall, upon his own motion or upon motion filed by the state or by or on behalf of the accused, by order of record, appoint one or more private psychiatrists or psychologists, ... or physicians ... to examine the accused.[4]

The section specifically addresses the occasion when a defendant lacks the capacity to understand the proceedings or lacks the ability to assist counsel in the defense. The statute requires a court-ordered psychiatric examination upon the showing of reasonable cause that the accused lacks the mental fitness to proceed.[5] It does not allow the court to order an examination as to the mental capacity of Relator at the time of the alleged criminal conduct.

Because the assertion by the arresting officers that Relator was agitated, nervous, loud and verbally abusive when arrested does not establish reasonable cause to believe that she is unable to proceed, Respondent was without authority to order an examination. By ordering such an examination, Respondent exceeded the power given to him in section 552.020.2.

■ The second circumstance in which a psychiatric evaluation is proper under section 552.020 arises in subsection 4. That section states:

> If the *accused* has *pleaded* lack of responsibility due to mental disease or defect ... the court shall order ... [an] examination conducted pursuant to this section ... [the examination shall include] an opinion as to whether *at the time of the alleged criminal conduct* the accused, as a result of mental disease or defect, did not know or appreciate the nature, quality, or wrongfulness of his conduct or as a result of mental disease or defect was incapable of conforming his conduct to the requirements of law. A plea of not guilty by reason of mental disease or defect shall not be accepted by the court in the absence of any such pretrial evaluation which supports such a defense.[6]

Respondent would have been correct under 552.020.4 to order an examination if Relator had pleaded not guilty by reason of mental disease or defect. That statute specifically directs the trial court to order an examination when a defendant asserts mental disease or defect as a defense. However, Respondent's order was in error because Relator never asserted such a defense and accordingly Respondent never acquired the authority to order the exam.

Absent from the both sections is language allowing the trial court to order a

---

3. § 552.020.1.

4. § 552.020.2 (emphases added).

5. *State v. Tokar,* 918 S.W.2d 753, 763 (Mo. banc 1996).

6. § 552.020.4 (emphases added).

psychiatric examination concerning mental state at the time of alleged criminal conduct *without* a plea of not guilty by reason of mental disease or defect. Section 552.050.2 speaks directly to the court's duty to order an examination if the court reasonably believes a defendant is *currently* unable to stand trial. Section 552.050.4 controls the court's action when a *defendant asserts* that she was not guilty due to mental disease or defect. That section contains the *only* instance in which the court can order an evaluation as to the defendant's mental state at the time of the alleged criminal act.

Respondent makes no assertion, and has no reasonable cause to believe that Relator is currently unable to stand trial and therefore he may not order an evaluation under section 552.020.2. Neither section 552.020.2 nor 552.020.4 allows the court, or the State, to assert a defense of mental disease or defect on behalf of the defendant. When the defendant does not on her own accord assert the mental disease or defect defense, the court has no authority to require her to submit to an examination relating to her mental state at the time of the alleged crime. Accordingly, Respondent lacks the authority to enforce his order requiring Relator to undergo psychiatric examination as to her mental state on the date of the alleged crime.

## IV.

The preliminary writ of prohibition is made absolute.

All Concur.