STATE of Missouri, Relator,

v.

**Honorable Cynthia M. ECKELKAMP, Circuit Court Judge, Franklin County, Respondent.**

**No. ED 83609.**

Missouri Court of Appeals, Eastern District, Writ Division Four.

Jan. 20, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2004.

Application for Transfer Denied May 25, 2004.

Robert Edward Parks II, Union, MO, for Relator.

John Michael Ferrara, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, C.J.

Relator filed a Petition for Writ of Prohibition, along with Suggestions in Support and exhibits, challenging an Order entered by Respondent appointing a Special Prosecutor in the underlying case, with the expenses for such appointment to be paid by the Franklin County Prosecuting Attorney's Office. Respondent filed Suggestions in Opposition to the petition, along with exhibits. We issued a Preliminary Order in Prohibition, to which Respondent filed an Answer. The parties have briefed the case. We dispense with oral argument, as permitted by Supreme Court Rule 84.24, and we make our preliminary order absolute.

The record reveals the following. On October 16, 2003, the Franklin County Public Defender's Office, by and through Assistant Public Defender John Ferrara (Assistant Public Defender), entered its appearance on behalf of the defendant in *State of Missouri v. Barry W. Oswalt,* cause number 03CR331227. Eliza Williams (Assistant Prosecuting Attorney) represented the State of Missouri in the case.

At the beginning of the hearing in the case, Assistant Public Defender asked Respondent to summarize an off-the-record discussion that had been held in chambers the previous day between Respondent, Assistant Prosecuting Attorney, and Assistant Public Defender. Respondent essentially stated that the Franklin County Prosecuting Attorney's Office has a blanket policy prohibiting negotiations between the office and Assistant Public Defender. When asked by Respondent to confirm the accuracy of the summary, Assistant Prosecuting Attorney stated that she did not believe Respondent was an appropriate person to make any comment regarding plea negotiations between the Prosecuting Attorney's Office and the Public Defender's Office.

Assistant Public Defender then filed an untitled motion, requesting Respondent to appoint a Special Prosecutor in the case. The motion alleged that the Franklin County Prosecuting Attorney's Office "has instituted a policy that Defendants represented by Assistant Public Defender John Ferrara will not receive the same consideration as similarly-situated Defendants represented by other counsel, to wit: charges will not be amended nor will counts be dismissed in exchange for a plea of guilty." In objecting to the motion, Assistant Prosecuting Attorney again stated that she did not believe Respondent was an appropriate person to make any comment regarding plea negotiations between the Prosecuting Attorney's Office and the Public Defender's Office.

Subsequently, Respondent granted Assistant Public Defender's motion and entered her Order appointing a Special Prosecutor in the case at the expense of the Franklin County Prosecuting Attorney's Office. Respondent concluded that a Special Prosecutor was necessary because of "the specific position taken by the Prosecuting Attorney's Office of singling out Mr. Ferrara for different treatment from that of all other attorneys in Franklin County. The treatment is perceived as being adverse to Mr. Ferrara's clients." Relator seeks relief from this Order.

■ Section 56.110 [1] provides in relevant part that a court may appoint a special prosecutor if:

the prosecuting attorney and assistant prosecuting attorney be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office, or shall be related to the defendant in any criminal prosecution, either by blood or by marriage . . . .

■ The decision to disqualify the prosecuting attorney and appoint another attorney to prosecute a criminal case lies within the sound discretion of the trial court. *State v. Copeland,* 928 S.W.2d 828, 840 (Mo. banc 1996).

■ Assistant Public Defender's motion does not allege any of the reasons specified in Section 56.110 for appointing a special prosecutor. However, the power to appoint a special prosecutor is not limited by the statutory grounds specified in Section 56.110; rather, it is a power inherent in the court, to be exercised in the court's sound discretion, when for any reason, the regular prosecutor is disqualified. *State ex inf. Fuchs v. Foote,* 903 S.W.2d 535, 537 (Mo. banc 1995) (abrogated on other grounds by *State v. Olvera,* 969 S.W.2d 715, 716 n. 1 (Mo. banc 1998)). For example, in *Foote,* the regular prosecutor was disqualified and a special prosecutor was appointed because Rule 4–3.7 of the Rules of Professional Conduct applied to the regular prosecutor. *Id.* [2]

According to Assistant Public Defender's motion, the alleged disparate treatment by the Franklin County Prosecuting Attorney's Office towards Assistant Public Defender is based on a decision not to enter plea agreement discussions with Assistant Public Defender. This apparent decision also forms the basis for Respondent's Order appointing the Special Prosecutor. Plea agreement discussions between the prosecuting attorney and the person representing a defendant are permitted by Supreme Court Rule 24.02(d)(1), but they are not mandatory. Therefore,

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

**2.** Rule 4–3.7 provides in relevant part that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."

refusing to participate in such discussions with Assistant Public Defender cannot be considered a violation of the rule and is not a valid reason to disqualify the regular prosecutor. Further, Rule 24.02(d) prohibits the court from participating in plea agreement discussions. By entering the Order, Respondent is essentially mandating the regular prosecutor, or if not, the Special Prosecutor, to enter into plea agreement discussions with Assistant Public Defender, and Respondent does not have the authority for such a mandate. Although this treatment may be "perceived as being adverse" to Assistant Public Defender's clients, it cannot be considered unfair because defendants are not entitled to plea agreements.

■ Generally, a writ of prohibition is issued when it falls within one of three categories: (1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; (2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated; or (3) where there is no adequate remedy by appeal. *State ex rel. Euclid Plaza Associates, L.L.C. v. Mason,* 81 S.W.3d 573, 576 (Mo.App. E.D. 2002). We find that Respondent abused her discretion in appointing a Special Prosecutor in cause number 03CR331227, and therefore she lacked the power to enter her Order.[3] Accordingly, our Preliminary Order in Prohibition is made absolute.

KATHIANNE KNAUP CRANE and LAWRENCE G. CRAHAN, JJ., concur.

3. The Petition for Writ of Prohibition also challenges that portion of Respondent's Order requiring the expenses for the Special Prosecutor to be paid by the Franklin County Prosecuting Attorney's Office. We need not address this issue, as it is moot in light of our disposition of this writ proceeding.