**STATE ex rel. T.W., Relator,**

v.

**The Honorable Steven R. OHMER, Judge, Respondent.**

No. SC 85631.

Supreme Court of Missouri, En Banc.

March 30, 2004.

Rehearing Denied May 25, 2004.

Kayla Vaughan, Chris E. Rollins, St. Louis, Mark H. Kruger, Clayton, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, Thad Hollie, Jr., Rita M. Montgomery, Karen A. Dill, Donna L. Head, Susan C. Guerra, R. Jeff Childress, Division of Legal Services, Patricia A. Hageman, Edward J. Hanlon, St. Louis, Bernhardt W. Klippel, III, Clayton, for Respondent.

Bryan L. Hettenbach, Town & Country, for Guardian ad Litem.

RICHARD B. TEITELMAN, Judge.

Relator seeks a writ of prohibition barring respondent from taking any further action other than to set aside his "Order, Judgment and Decree of Adoption" concerning the minors K.A.W. and K.A.W.

Relator is the natural mother of K.A.W. and K.A.W. On December 11, 2002, respondent entered a judgment terminating relator's parental rights as to K.A.W. and K.A.W., and relator appealed.[1] While the

---

1. T.W.'s direct appeal of the termination of her parental rights was argued before this Court concurrently with this writ. *See In the Interest of K.A.W., K.A.W.,* 2004 WL 616342,

appeal was pending, respondent proceeded with the adoption of K.A.W. and K.A.W. by their foster parents, entering his "Order, Judgment and Decree of Adoption" on April 18, 2003.

■■■■ A parent whose rights as to a child have been terminated has the right to appeal. *In the Interest of M.E.W.*, 729 S.W.2d 194 (Mo. banc 1987); *see* sec. 453.011.2.[2] Proceeding with adoption while the termination is reviewed on appeal compromises the parent's right to appellate review by requiring, as an effective precondition to reversal of the termination, that the appellate court be prepared to address a separate adoption proceeding. *In re J.K.*, 468 Mich. 202, 661 N.W.2d 216, 225 (2003); *see* sec. 453.160.

■■■ "The extraordinary remedy of a writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy a excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order." *State ex rel. Proctor v. Bryson*, 100 S.W.3d 775, 776 (Mo. banc 2003). It is an abuse of discretion and a circuit court lacks the power to proceed with adoption of a child who has been the subject of a termination of parental rights while an appeal of the judgment terminating parental rights is pending.

The preliminary writ is made absolute. Respondent is ordered to set aside his "Order, Judgment and Decree of Adoption" concerning the minors K.A.W. and K.A.W.

WHITE, C.J., WOLFF and STITH, JJ., concur.

PRICE, J., concurs in separate opinion filed.

BENTON and LIMBAUGH, JJ., concur in opinion of PRICE, J.

WILLIAM RAY PRICE, JR., Judge, concurring.

Missouri statutes 211.447.8 and 453.040(8), RSMo 2000, provide that actions for termination of parental rights and adoption may be combined in one proceeding. Should a party appeal a judgment terminating parental rights, the judgment of adoption should be stayed pending the outcome of the appeal. *See* Rule 120.01(b).

Although I do not agree with the majority in its decision to reverse and remand the trial court's judgment terminating parental rights in *In the Interest of K.A.W., K.A.W.*, No. SC85683, 2004 WL 616342, 133 S.W.3d 1 (Mo. banc Mar.30, 2004), the effect of that outcome must be to set aside the adoption action as well. For this reason, I concur in the result of the majority decision to issue the writ.

---

133 S.W.3d 1 (Mo. banc 2004) (No. SC85683, decided March 30, 2004). A.W., the natural father, consented to termination of his parental rights and did not appeal.

**2.** All statutory references are to RSMo 2000.