**STATE of Missouri ex rel., David BENNETT, Relator,**

v.

**The Honorable Gary RAVENS, Respondent.**

**No. WD 69409.**

Missouri Court of Appeals,
Western District.

Aug. 12, 2008.

Seth D. Shumaker, Kirksville, MO, for Relator.

Michael W. Bradley, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., RONALD R. HOLLIGER, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Bennett petitioned this court for a writ of prohibition to bar Judge Gary E. Ravens from appointing a special prosecuting attorney and to prohibit Judge Ravens from presiding over his underlying case. We issued a preliminary Writ and now make that Writ absolute.

**Factual and Procedural Background**

The State of Missouri charged Mr. Bennett with the Class D felony of leaving the scene of an accident, a Class A misdemeanor of careless and imprudent driving, and a Class B misdemeanor of driving while intoxicated in *State v. David Bennett,* case number 06L1–CR00489–01.

The case was originally set for jury trial on October 12, 2007, before the Honorable Gary Ravens, Circuit Judge of Linn County, Missouri. However, on October 10, the Linn County prosecuting attorney, Mr. Tracy Carlson, sent an e-mail to Judge Ravens stating that he and the defendant were working on a plea bargain and that he was planning to dismiss the felony charge and refile a misdemeanor charge in the associate circuit division. Immediately after receiving the e-mail, Judge Ravens issued an order removing the prosecuting attorney from the case and appointing the attorney general as special prosecutor.

The matter was reset for a jury trial on March 11, 2008. On January 29, 2008, Mr.

Bennett filed a motion to recuse Judge Ravens. A hearing was held and Judge Ravens stated that the only reason he removed the Linn County prosecuting attorney was "he was not doing a good job of representing the State of Missouri." Thereafter, Judge Ravens overruled the motion for recusal. Mr. Bennett sought a writ of prohibition to bar Judge Ravens from appointing a special prosecutor and to prohibit him from presiding in the underlying criminal case.

### Legal Analysis

■ A writ of prohibition is an extraordinary remedy ordered in three circumstances: (1) the trial court acts without jurisdiction; (2) the trial court acts in excess of its jurisdiction or abuses its discretion where it "lacks the power to act as intended"; or (3) where the trial court's order may cause a party irreparable harm. *State ex rel. T.W. v. Ohmer*, 133 S.W.3d 41, 43 (Mo. banc 2004) (quoting *State ex rel. Proctor v. Bryson*, 100 S.W.3d 775, 776 (Mo. banc 2003)).

■ In his first point on appeal, Mr. Bennett argues that he is entitled to a writ prohibiting Judge Ravens from appointing a special prosecutor in the underlying criminal case. A judge may disqualify the prosecuting attorney and appoint a special prosecutor under Section 56.110.[1] The statute provides:

> If the prosecuting attorney and assistant prosecuting attorney be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office, or shall be related to the defendant in any criminal prosecution, either by blood or by marriage, the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause.

Judge Ravens did not allege any of the reasons specified in Section 56.110 for disqualifying a prosecuting attorney. Rather, Judge Ravens stated that it appeared Mr. Carlson "wasn't doing a good job of representing the State of Missouri."

Judge Ravens relies on *State v. Copeland*, which holds that "[t]he decision to disqualify the prosecuting attorney and appoint another attorney to prosecute a criminal case lies within the sound discretion of the trial court." 928 S.W.2d 828, 840 (Mo. banc 1996). However, *Copeland* is distinguishable from the present case because in *Copeland*, the disqualification was authorized by Section 56.110's provisions for conflicts of interest. The prosecutor in *Copeland* had previously represented the defendant in a bankruptcy proceeding and was removed after the prosecution appeared to demonstrate bias towards the defense. *Id.* at 839–40. In the present case, no evidence was presented indicating that Mr. Carlson had ever represented Mr. Bennett or that he was biased toward him due to prior representation or other interest under Section 56.110.

Missouri Supreme Court Rule 24.02(d)(1) forbids a court from participating in any plea agreement discussions until after an agreement has been reached. Removing a prosecutor and appointing a special prosecutor based on plea discussions may constitute such interference. *State v. Eckelkamp*, 133 S.W.3d 72, 74–75 (Mo.App. E.D.2004). In *Eckelkamp*, a trial court exceeded its authority where it used the prosecution's decision to bypass plea discussions with the defense as a reason to appoint a special prosecutor. *Id.* at 74–75. The *Eckelkamp* court found abuse of discretion because the trial judge was "essen-

---

1. All statutory references are to RSMo 2000.

tially mandating" that the prosecution enter into plea negotiations. *Id.* at 75.

Similarly, in the present case, Judge Raven disqualified the prosecuting attorney because of his intentions concerning plea discussions. Two days before the scheduled trial, the prosecuting attorney e-mailed Judge Ravens stating that he intended to file the case as a misdemeanor, have Mr. Bennett plead guilty in front of an associate circuit judge, and then dismiss the felony. Judge Ravens replied by making a docket entry and stating in an e-mail:

> The Court on its own Motion finds that the Prosecuting Attorney in the above cause without cause or justification intends to dismiss the above cause. The matter has been set for trial on October 12, 2007 since June 11, 2007 and a jury has been summoned.... It is ordered that Tracy Carlson be removed from this case as prosecuting attorney and that the Attorney General of the State of Missouri be appointed to prosecute this case....

Clearly Judge Ravens did not want the prosecutor to negotiate a plea agreement only two days before trial. Under these circumstances, we find Judge Ravens inappropriately interfered with the plea agreement discussions and abused his discretion in appointing a special prosecutor from the attorney general's office in the underlying case.

In his second point, Mr. Bennett requests that Judge Ravens be recused from presiding over the underlying criminal case. Because Mr. Carlson has indicated his intention to refile the felony charge as a misdemeanor in the associate circuit court, it appears that Judge Ravens will not be required to preside over this case in light of our disposition of Mr. Bennett's first point. In these circumstances, we elect not to address Mr. Bennett's second point. To the extent the case remains pending in the circuit court, Judge Ravens may wish to reconsider whether his recusal is warranted under the circumstances.

### Conclusion

Accordingly, our preliminary Writ in Prohibition is made absolute.

HOLLIGER and AHUJA, JJ. concur.