STATE of Missouri EX REL. Brad
Parker PHILLIPS, Relator,

v.

The Honorable Eric EIGHMY,
Respondent.

No. SD 34599

Missouri Court of Appeals,
Southern District,
Division One.

Filed: March 28, 2017

DAVID S. AKERS, Branson, MO, for Relator.

THOMAS F. KONDRO, Forsyth, MO, for Respondent.

## DON E. BURRELL, J.

Brad Parker Phillips ("Relator") sought a writ of prohibition ("the petition") barring the Honorable Eric Eighmy ("Respondent") from ordering Relator to serve "forty-eight hours [of] imprisonment" based on Respondent's conclusion that section 577.010.4 *"requires* mandatory jail time" in any case (like Relator's) where a suspended imposition of sentence ("SIS") is ordered.[1] Relator's single point relied on claims he "is entitled to an order prohibiting Respondent from requiring Relator to serve forty-eight hours incarceration based ... solely on Respondent's interpretation"

1. Respondent stayed commencement of the 48–hour incarceration to allow Relator to seek review by this court. At the time of Relator's guilty plea and sentencing, section 577.010 provided:

 **Driving while intoxicated—sentencing restrictions, Jackson County and certain judicial circuits.—1.** A person commits the crime of "driving while intoxicated" if he operates a motor vehicle while in an intoxicated or drugged condition.
 2. Driving while intoxicated is for the first offense, a class B misdemeanor. No person convicted of or pleading guilty to the offense of driving while intoxicated shall be granted a suspended imposition of sentence for such offense, unless such person shall be placed on probation for a minimum of two years.
 3. Notwithstanding the provisions of subsection 2 of this section, in a circuit where a DWI court or docket created under section 478.007 or other court-ordered treatment program is available, no person who operated a motor vehicle with fifteen-hundredths of one percent or more by weight of alcohol in such person's blood shall be granted a

that section 577.10 mandates such an order because: (1) "Taney County does not have a DWI court or docket created under [section] 478.077 RSMo or other court-ordered treatment program available, and Relator has not refused to attend or complete any such program"; (2) the statute "does not require incarceration in cases wherein imposition of sentence is suspended"; and (3) interpreting the statute as *"requiring* incarceration in" Relator's case "would violate [his constitutional] rights to due process and equal protection[.]"

The parties agree in their pleadings before this court that Relator's blood-alcohol content ("BAC") measured in excess of .15 at the time the offense, Relator pleaded guilty to a first offense of driving while intoxicated ("DWI"), Respondent granted an SIS, and there is no "DWI court or docket" in which Relator might participate.[2] Critically, however, the parties do

 suspended imposition of sentence unless the individual participates and successfully completes a program under such DWI court or docket or other court-ordered treatment program.
 4. If a person is not granted a suspended imposition of sentence for the reasons described in subsection 3 of this section, for such first offense:
 (1) If the individual operated the motor vehicle with fifteen-hundredths to twenty-hundredths of one percent by weight of alcohol in such person's blood, the required term of imprisonment shall be not less than forty-eight hours;
 (2) If the individual operated the motor vehicle with greater than twenty-hundredths of one percent by weight of alcohol in such person's blood, the required term of imprisonment shall be not less than five days.

 2010 Mo. Laws 433. All other statutory references are to RSMo Cum. Supp. 2013 unless otherwise noted, and all rule references are to Missouri Court Rules (2016).

2. The charging document and a transcript of the guilty plea hearing, if any exists, have not

*not* agree on whether an "other court-ordered treatment program" is available. As a result, the facts and circumstances do not "demonstrate unequivocally that there exists an extreme necessity for preventive action" by this court. *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). It would therefore be inappropriate for us to decide the merit of Relator's substantive claims, and we deny his application for a permanent writ in prohibition.

## Background

On June 2, 2016, Relator appeared with counsel and pleaded guilty to DWI. A copy of docket entries from Casenet filed as an exhibit to the petition indicates that Relator was "to serve 2 days shock [jail time] beginning" on July 8, 2016. Relator and the State were afforded time to brief the "issue of Mandatory Shock Time[,]" briefs were filed, and Respondent held a hearing on the issue on June 30, 2016.

At the beginning of the hearing about whether Relator was obligated to serve two days in jail ("the hearing"), Respondent stated that the trial "[c]ourt . . . previously sentenced [ (sic) Relator and] granted an SIS in this case, but the [trial c]ourt sentenced [Relator] to two days shock time based upon the statute requiring that shock time based upon alcohol content." Relator argued that section 577.010 did not make 48 hours "shock" mandatory, but, if it did, the statute would violate Relator's equal protection rights in doing so, and the statute should be strictly construed against the State. Relator maintained that section 577.010.4 requires defendants with a higher BAC "to go

through that DWI court[,]" when there is "a DWI court in your county[,]" but the subsection did not apply where there is "not a DWI court[.]"

In response to Relator's arguments, Respondent stated "[t]hat, but for this statute, based upon your client's prior criminal history and the fact—and what he did before sentencing [sic], I would not require him to do two days in jail." [3] Respondent commented, "So I want to make it clear for the Southern District. I don't want this case remanded for additional—for consideration on whether or not [Relator] has to do two days. The only reason why I'm requiring him to do so is because of the statute." Respondent also stated, "I'm not making [Relator] a guinea pig. I'm doing this to every defendant with a blood alcohol content higher than that, and people have gone before you[.]"

At one point during argument, Relator's counsel questioned whether section 577.010 required "two days in jail" if "you didn't complete that DWI program [sic] when it was made available to you[.]" But there was no express discussion during the hearing about whether an "other court-ordered treatment program" was available as an option. Further, there was no discussion of Relator's potential for successful completion of a court-ordered treatment program or Respondent's exercise of discretion regarding whether Relator would be ordered to successfully complete a treatment program. Respondent then addressed the prosecutor, stating, "I'm not inclined to grant [Relator's counsel's] request unless

---

been filed as a part of the record. *See* Rules 30.31 and 84.24(g). We will treat the matters agreed to by the parties in their pleadings before us as facts for purposes of our review. *Cf. In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo. App. S.D. 2001) ("a statement of fact asserted in one party's brief and conceded as

true in the opposing party's brief may be considered as though it appears in the record").

**3.** No further reference to "what [Relator] did before sentencing" is made in the hearing transcript.

you want to talk me out of it." The prosecutor made "[n]o audible response."

Respondent rejected Relator's arguments against requiring Relator to serve two days in jail, and Relator subsequently filed the petition. We granted a preliminary writ of prohibition and directed Respondent to answer the petition.

Respondent's answer to the petition ("the answer") stated "that he suspended the imposition of sentence and placed Relator on probation[,]" and "he ordered Relator to serve forty-eight hours of imprisonment in the Taney County Jail as a condition of probation." Respondent admitted "that he found the period of imprisonment to be required by [section] 577.010.4 because Relator's [BAC] was in excess of .15% at the time he committed the offense of [DWI], and because Relator was not granted a [SIS] via participation in a DWI court, DWI docket, or court-ordered treatment program." But Respondent specifically "denie[d] that Taney County has no treatment programs that a defendant could be court-ordered to attend."

### Applicable Principles of Review and Governing Law

 "Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority." *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009). "A writ of prohibition is an extraordinary remedy ordered in three circumstances: (1) the trial court acts without jurisdiction; (2) the trial court acts in excess of its jurisdiction or abuses its discretion where it 'lacks the power to act as intended'; or (3) where the trial court's order may cause a party irreparable harm." *State ex rel. Bennett v. Ravens*, 258 S.W.3d 929, 930 (Mo. App. W.D. 2008) (quoting *State ex rel. T.W. v. Ohm-*

*er*, 133 S.W.3d 41, 43 (Mo. banc 2004)). "A court should only exercise its discretionary authority to issue this extraordinary remedy when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action. Absent such conditions, the court should decline to act." *Derfelt*, 692 S.W.2d at 301. "Prohibition ... cannot be used to adjudicate grievances that may be adequately redressed in the ordinary course of judicial proceedings." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991).

### Analysis

Relator maintains in the first ground of his point relied on that "Taney County does not have a DWI court or docket ... or other court-ordered treatment program available, and Relator has not refused to attend or complete any such program[.]" Respondent's brief expands on the answer's denial that there is no court-ordered treatment program in the county by arguing that "[a]n important yet unexamined premise of [Relator's] claim was—and still is—that Taney County is not part of a circuit in which a court-ordered treatment program is available." Respondent maintains that whether such a court-ordered treatment program was available "was not brought to Respondent's attention at sentencing because Relator repeatedly conflated DWI courts, DWI dockets, and court-ordered treatment programs[.]" We agree, but responsibility for failing to raise the possibility of a court-ordered treatment program is not the necessary determination in deciding the petition.

 The important issue is whether the possibility of a court-ordered treatment program could have affected Respondent's discretionary decision-making authority as to whether to grant or deny a SIS. Wheth-

er section 577.010.4(1) *requires* a forty-eight-hour period of detention as a probation condition for a SIS in the absence of successfully completing DWI court, DWI docket, or other court-ordered treatment program is not the controlling question *if* a court-ordered. treatment program was available and Respondent *had not yet decided to exercise discretion* in favor of or against ordering Relator to complete such a program. Relator has a potential remedy available without resorting to a writ of prohibition because a probationer may seek modification of "the conditions of probation at any time prior to the expiration or termination of the probation term[,]" Section 559.021.7, and Relator may do so here based upon the previously unconsidered possibility of a court-ordered treatment program. Relator cannot seek prohibition to adjudicate an issue "that may be adequately redressed in the ordinary course of judicial proceedings." *Douglas Toyota*, 804 S.W.2d at 752.

We therefore quash our preliminary writ of prohibition issued September 7, 2016, deny Relator's petition for a permanent writ, and remand the matter for further proceedings consistent with this opinion.

JEFFREY W. BATES, P.J.—CONCURS

MARY W. SHEFFIELD, C.J.—CONCURS