**Robert E. DEATHERAGE, Respondent,**

v.

**CHURCHILL TRUCK LINES, INC.,**
**Appellant.**

No. 25692.

Kansas City Court of Appeals,
Missouri.

July 8, 1971.

David H. Clark, Kansas City, for appellant; Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

Albert J. Yonke, Kansas City, for respondent.

FLOYD L. SPERRY, Special Commissioner.

This appeal is from a judgment affirming an award by the Industrial Commission. Mr. Deatherage, respondent, was employed by Churchill Truck Lines on September 15, 1967. Upon that date, according to his testimony, he was injured while engaged in loading into a trailer a heavy piece of steel, weighing 200 pounds and fabricated into the shape of a bed frame, or a trailer frame. He was carrying the front end on his shoulder and dragging the rear end on the trailer floor when the rear end caught on the floor boards of the trailer. This caused claimant to be abruptly halted in his forward movement and the front end to swing, thereby twisting claimant's left shoulder around toward his right shoulder. He had pain in his lower back, below the belt line, and claims to have suffered a

compensable disability because of injuries to the low back, right leg and hip.

The claim was heard by a referee. The referee found that claimant did not sustain an accident arising out of and in the course of his employment and denied compensation.

On review, the full commission found that the evidence "is conflicting, and in some instances the testimony of Mr. Deatherage is contradictory but not to a sufficient degree to destroy any of the essential elements of his case * * * We therefore, giving the claimant the benefit of the doubt *as directed by the law,* give credence to the claimant and find against the employer-insurer." (Emphasis ours.) The full commission made an award in favor of claimant.

This award was reviewed by the Circuit Court of Jackson County (Hall, Judge). The court reversed the award and remanded the cause to the commission "for further proceedings in order that the commission might again review the record and the applicable law in accordance with this decree."

The record shows that "accordingly, the Commission, having *again* reviewed the record and the applicable law, finds in favor of the above-named employee, Robert E. Deatherage and against the employer and insurer, and awards compensation for injury and disability as provided in the Missouri Workmen's Compensation Law, as follows: * * *" (Emphasis ours.) It is further recited "We find from an examination of all of the credible evidence in the whole record that employee suffered an 'accident' as that term is contemplated by the Missouri Workmen's Compensation Act, Section 287.020(2) RSMo 1969."

This award was approved by the Jackson County Circuit Court, (Hall, Judge). Employer and insurer appeal to this court.

Appellant contends that where, as in this case, there is a conflict in the evidence, the commission is required to defer to the findings of the referee who saw the witnesses and heard them testify.

In this case the Commission was entitled to base its findings and award solely on the testimony of claimant. Davies v. Carter Carburetor, Div. ACF Indus., Inc., Mo.Sup., 429 S.W.2d 738, 749. Claimant's testimony, if believed, (and the Commission had the right to determine credibility), was sufficient to support a finding of the occurrence of an accident and that claimant suffered compensable injuries as a result thereof. Davies v. Carter, supra. The fact claimant's testimony was somewhat contradictory affects the credibility; but credibility is for determination by the Commission, not by the Court. Davies v. Carter, supra, 752.

A reviewing court must affirm a Workmen's Compensation award if it is supported by competent and substantial evidence on the whole record and can only set same aside if the findings and award are clearly contrary to the overwhelming weight of the evidence. Williams v. S. N. Long Warehouse Company, Mo.App., 426 S.W.2d 725, 733. "If the competent evidence or permissible inferences are conflicting the choice rests with the Commission and is conclusive upon this court." Williams v. S. N. Long, supra. "The findings of the referee are not final and binding upon the commission if, upon consideration of all the evidence, the commission reaches a conclusion different from that of the referee. * * * The commission may or may not come to the same conclusion reached by the referee, but in performing its function it is not bound to yield to the findings of the referee. The duty of this court on appeal is to determine whether the award which the commission makes is supported by competent and substantial evidence upon the whole record." Brown v. Griesedieck Western Brewing Co., Mo.App., 250 S.W.2d 803, 809.

We find that the award of the commission is supported by competent and

substantial evidence upon the whole record. The judgment is affirmed.

PER CURIAM.

The foregoing opinion by FLOYD L. SPERRY, Special Commissioner, is hereby adopted as the opinion of the court.