**Ruth WEBB, d/b/a the Flamingo Lounge and the Dexter Pool Hall, Plaintiff-Appellant,**

v.

**The CITY OF DEXTER et al., Defendants-Respondents.**

**No. 10184.**

Missouri Court of Appeals, Springfield District.

June 14, 1976.

Rehearing Denied July 6, 1976.

Gary L. Smith, Smith & Holden, Dexter, for plaintiff-appellant.

Paul McGhee, James E. McGhee, McGhee & McGhee, Dexter, for defendants-respondents.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Plaintiff has lodged this appeal from the trial court's order sustaining the defendants' motions to dismiss her multiple-count petition in which she sought to have three Dexter, Missouri, ordinances declared invalid and to enjoin the defendants from enforcement thereof.

Plaintiff's principal point in her brief is that the trial court erred in dismissing her petition because it "stated a cause of action for which relief could be granted, which is the only issue to be determined on a Motion to Dismiss."

Rule 84.04(d), V.A.M.R., requires a point relied on in an appellate brief to state briefly and concisely "wherein and why" the ruling of the trial court is claimed to be erroneous, with citations of authorities.

Plaintiff's point wholly fails to advise us "wherein and why" she deems the ruling of the lower court to be erroneous. We are not required to con the pleadings or the argument portion of an appellate brief in a time-consuming effort to ascertain the "wherein and why"—Rule 84.04(d) casts this duty on appellant. Repeated warning flags have been hoisted that Rule 84.04 means what it says and compliance therewith is absolutely necessary in this era of an ever-increasing number of appeals coming to the Missouri Court of Appeals.

We decline to do in this appeal what we have done in the past, namely, give lip service to the Rule and proceed to ignore the violation and labor to dispose of the case on its merits.

Accordingly, the appeal is dismissed.

All concur.