**Lowell MIDDLETON, Appellant,**

v.

**MERAMEC MINING COMPANY,
Respondent.**

No. 37521.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Morris B. Kessler, St. Louis, for appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for respondent.

CLEMENS, Judge.

The trial court affirmed an award of the Industrial Commission which had awarded plaintiff disability benefits but denied his claim for medical benefits. Plaintiff has appealed.

Once again this court has been prevented from reaching the merits of an appeal because of a deficient brief. There have been repeated warnings regarding the necessity of complying with Rule 84.04, VAMR. *Webb v. City of Dexter,* 538 S.W.2d 594[1, 2] (Mo.App.1976). This court can no longer ignore fatally defective briefs to reach the merits but will dismiss the appeal outright. *Donnell v. Vigus Quarries, Inc.,* 489 S.W.2d 223[3] (Mo.App.1972).

Plaintiff's brief fails to comply with Rule 84.04(d) in that the Points Relied On section does not state what rulings of the trial court are sought to be reviewed, nor wherein and why the trial court erred. All four Points Relied On are mere abstract statements of law [1] and provide nothing for re-

---

1. PRO I: "The employer has the unqualified duty to provide medical care to an employee injured in the course and scope of his employment."

view. *Simpson v. Island View Sales Corp.,* 540 S.W.2d 624[1–3] (Mo.App.1976).

Appeal dismissed.

WEIER, P. J., and DOWD, J., concur.

PRO II: "Where the employer denies liability and the employee is forced to seek his own medical treatment the cost of the same is to be included in the award."

PRO III: "The law does not require the employee to do a useless task."

PRO IV: "In line with not requiring the employee to do a useless act, where the employer, as in this case, denies the accident and refuses medical care, then it is not necessary that the employee obtain a special order of the commission to get additional medical care beyond the one hundred eighty day period."