**Cory W. CAMPBELL, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 70266.**

Missouri Court of Appeals,
Western District.

Nov. 24, 2009.

Daniel L. Radke, St. Joseph, MO, for Appellant.

Van M. Pounds, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., VICTOR C. HOWARD, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Cory W. Campbell appeals the circuit court's judgment affirming the Director of Revenue's denial of Campbell's driving privileges for ten years pursuant to section 302.060(9), RSMo Cum.Supp.2008, due to Campbell's being convicted more than twice for offenses relating to driving while intoxicated. In his only point on appeal, Campbell asserts that the circuit court erred and misapplied the law in overruling his motion to disqualify the Director's staff attorney from representing the Director at the hearing and in refusing to strike the Director's answer. Campbell contends that only the Andrew County Prosecuting Attorney could represent the Director at the hearing. We affirm the circuit court's judgment.

On February 29, 2008, the Director notified Campbell that his privilege to drive a motor vehicle in Missouri would be denied for ten years pursuant to section 302.060 due to his being convicted more than twice for offenses relating to driving while intoxicated. Pursuant to section 302.311, RSMo 2000, Campbell filed a petition for review in the circuit court of Andrew County.

Jane Laughlin, Senior Counsel for the Director, entered her appearance for the Director and filed an answer to the petition for review. Campbell moved to prohibit Laughlin from representing the Director and moved to strike the answer that Laughlin filed on the ground that only the Andrew County Prosecuting Attorney could provide legal representation for the Director in this matter. The circuit court overruled Campbell's motion and found that the prosecuting attorney was not the only attorney authorized to represent the Director.

At the trial, Laughlin appeared on behalf of the Director. Campbell renewed his motion to disqualify Laughlin, and the circuit court denied the motion again. The trial proceeded on the merits. The Director presented evidence in support of the denial of Campbell's driving privileges. The Director offered into evidence the Di-

rector's certified administrative record, which included copies of records on Case. net of Campbell's three convictions for offenses related to driving while intoxicated. The Director further requested that the circuit court take judicial notice of its records of Campbell's three convictions, and the circuit court took such notice. Campbell presented argument but no evidence regarding his convictions. Thereafter, the circuit court entered its judgment affirming the Director's denial of Campbell's driving privileges for ten years pursuant to section 302.060(9). Campbell appeals.

Campbell relies on three statutes in support of his argument that only the Andrew County Prosecuting Attorney could represent the Director at the hearing: sections 56.060, RSMo Cum.Supp.2008, 56.090, RSMo 2000, and 302.311, RSMo 2000. Section 56.060.1 provides: "Each prosecuting attorney shall commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned [and] defend all suits against the state or county[.]" Section 56.090 says: "No judge shall allow the cases alluded to in sections 56.060 and 56.080 to be tried before him, unless the prosecuting attorney or someone properly qualified to prosecute for him is present. The judge, before trying these cases, shall give due notice to the prosecuting attorney." Finally, section 302.311 provides:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo

and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. *The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require.*

We need not decide, however, whether the prosecuting attorney was required to represent the Director in this case because Campbell does not articulate any reason why he is aggrieved by the staff attorney's representation of the Director or why he is aggrieved by not having the prosecuting attorney represent the Director. "A party who has not been aggrieved by a judgment has no right or standing to appeal." *Jackson County Bd. of Election Comm'rs v. Paluka,* 13 S.W.3d 684, 687 (Mo.App.2000). "Generally, for a party to be considered aggrieved, the judgment in question must 'operate[ ] prejudicially and directly on his personal or property rights or interests.'" *Id.* (citation omitted). Indeed, in *Payne v. St. Louis Grain Corp.,* 562 S.W.2d 102, 105–06 (Mo.App.1977), the appellant argued that it was error to allow the respondent's attorney to continue to represent the respondent because of a conflict of interest. The *Payne* court held that the appellant, who was not a client of the attorney, had no standing to seek disqualification of the attorney based on conflict of interest. *Id.* at 106. Moreover, the court also noted that the appellant did not "offer to explain how it was injured by the alleged conflict of interest[.]" *Id.*

The same is true in this case. Campbell fails to assert a legally cognizable interest in how, or by whom, such legal representation was provided; he therefore lacks standing to challenge the staff attor-

ney's representation of the Director. Moreover, Campbell does not even attempt to show how he was prejudiced by the Director's staff attorney's representation of the Director in this case. Campbell merely points to sections 56.060, 56.090, and 302.311 in support of his contention that that the circuit court erred in overruling his motion to disqualify. "[O]nly prejudicial error is reversible error." *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 429 (Mo.App.2001).

To the extent that Campbell asserts that the circuit court did not have jurisdiction over this matter because of the prosecuting attorney's failure to represent the Director at the hearing, we disagree. In *Webb ex rel J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Missouri Supreme Court clarified that Missouri recognizes only two types of jurisdiction: personal and subject matter. *Id.* at 252. Both personal and subject matter jurisdiction derive from constitutional principles. *Id.* "[P]ersonal jurisdiction refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Id.* at 253. Subject matter jurisdiction refers to the "court's authority to render a judgment in a particular category of case." *Id.* In Missouri, the court's subject matter jurisdiction derives directly from article V, section 14 of the Missouri Constitution, which says that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *Id.* The circuit court clearly had personal and subject matter jurisdiction in this case.

We, therefore, affirm the circuit court's judgment.

All concur.