**STATE ex rel. Robert McKEAGE and Janet McKeage, and Those Similarly Situated, Relators,**

v.

**The Honorable Michael J. CORDONNIER, Respondent.**

**No. SC 91658.**

Supreme Court of Missouri, En Banc.

Jan. 17, 2012.

Steve Garner, Chandler Gregg, Jeff Mitchell, Strong–Garner–Bauer PC, Springfield, David Baylard, Baylard, Billington, Dempsey & Jensen PC, Union, for the McKeages.

James D. Griffin, Husch Blackwell Sanders LLP, Kansas City, Jason C. Smith, Bryan O. Wade, Ginger K. Gooch, Husch Blackwell Sanders LLP, Springfield, for Bass Pro.

GEORGE W. DRAPER III, Judge.

### Introduction

Robert and Janet McKeage (hereinafter, "Relators") sued Bass Pro Outdoor World, LLC (hereinafter, "Bass Pro") in a five-

count petition for charging a document preparation fee for purchasing a boat. After the circuit court overruled Relators' motion to certify a nationwide class, they sought relief by way of a writ of prohibition. This Court issued a preliminary writ, which is made permanent.

## Facts and Procedural History

Relators purchased a boat and boat trailer from a Bass Pro store in St. Charles County. Bass Pro's purchase agreement required Relators to pay a $75 document preparation fee. Relators filed suit in St. Charles County challenging the document preparation fee and seeking rescission of the sale.

Bass Pro filed a motion to transfer venue based upon the forum selection clause in the purchase agreement. The purchase agreement contained a forum selection clause requiring "the parties to litigate any claim arising from the Agreement in Greene County, Missouri." The circuit court sustained Bass Pro's venue motion and ordered the cause transferred to Greene County.

Relators then sought class certification of both in-state and out-of-state customers, based upon the purchase agreement's choice of law provision. The choice of law provision required the application of Missouri law to all transactions. Relators requested the class to be defined as:

> All persons charged a document fee by [Bass Pro] for the five (5) years preceding [Relators'] filing suit to present, on the sale, lease and/or financing of boats, boat trailers, boating accessories, and/or recreational vehicles, which fees stem from contracts containing Missouri choice of law provisions.

The circuit court certified a class that was limited to contracts entered into within the State of Missouri.

Relators filed a petition pursuant to Rule 84.035 to review the class definition. This Court issued a preliminary writ.

## Discussion

### A. Standard of Review

■ This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. A writ of prohibition is available: (1) to prevent a usurpation of judicial power when the circuit court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted. *State ex rel. Houska v. Dickhaner*, 323 S.W.3d 29, 32 (Mo. banc 2010).

■ Whether an action should proceed pursuant to Rule 52.08 as a class action rests within the sound discretion of the circuit court. *State ex rel. Coca–Cola Co. v. Nixon*, 249 S.W.3d 855, 860 (Mo. banc 2008). An abuse of discretion occurs if the circuit court's decision "is clearly against the logic of the circumstance, is arbitrary and unreasonable, and indicates a lack of careful consideration." *Green v. Fred Weber, Inc.*, 254 S.W.3d 874, 880 (Mo. banc 2008) (*quoting State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002)). "A court abuses its discretion if the class certification is based on an erroneous application of the law or the evidence provides no rational basis for certifying the class." *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 491 (Mo.App. W.D.2010). Certification of a class action requires: (1) the class be so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will protect fairly and adequately the interests of the class. Rule

52.08(a); *State ex rel. American Family Mut. Ins. Co. v. Clark*, 106 S.W.3d 483, 486 (Mo. banc 2003). "Although the class certification decision lies in the circuit court's discretion, the courts should err in close cases in favor of certification because the class can be modified as the case progresses." *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 715 (Mo. banc 2007).

## B. Choice of Law Provision

■ Bass Pro asserts the circuit court properly refused to certify a nationwide class because there are no common issues that predominate in that there are putative class members who did not enter into a purchase agreement in Missouri. Bass Pro argues a nationwide class would be contrary to fundamental policies of the other states where putative class members executed purchase agreement documents and would require the Missouri court to apply many states' law.

■ "The 'predominance' requirement ... does not demand that every single issue in the case be common to all the class members, but only that there are substantial common issues which 'predominate' over the individual issues." *Clark*, 106 S.W.3d at 488 (*quoting South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 325, 331 (D.S.C.1991)). "The predominant issue need not be 'dispositive of the controversy or even be determinative of the liability issues involved.'" *Id.* (*quoting* Alba Conte & Herbert Newberg, *Newberg on Class Actions*, Section 4:25 at 169 (4th ed.2002)). Further, predominance is not precluded when there needs to be an inquiry as to individual damages. *Clark*, 106 S.W.3d at 488.

In this case, Bass Pro drafted all of the purchase agreements. Bass Pro required any litigation arising from the purchase agreement to be litigated in Greene County and that Missouri law would apply to all of those claims. Bass Pro chose to have its litigation resolved in Missouri, by Missouri courts, applying Missouri law. Bass Pro now attempts to disavow the contract it drafted in order to limit the class of plaintiffs to those who executed the purchase agreements within Missouri.

Bass Pro claims that the putative members of the class who executed the purchase agreement documents outside Missouri should not be subjected to Missouri law because the state where the documents were executed may have a contrary fundamental policy which would supersede the explicit choice of law provision. Bass Pro seeks to engage in a state by state choice of law analysis to invalidate the nationwide class; it does not.

In this case, there will be no need to engage in a state by state choice of law analysis because Bass Pro conditioned every sale to each putative class member upon acceptance of the Missouri choice of law provision. Each of the purchase agreement documents also contained a forum selection clause indicating that any claim would be litigated in Greene County. Each putative member paid a fee for the document preparation that is the underlying fact supporting the litigation. All of the claims against Bass Pro arise out of the same purchase agreement documents and are by the contract terms to be litigated in Greene County pursuant to the forum selection clause.

■ Generally, parties may choose the state whose law will govern the interpretation of their contractual rights and duties. *Sturgeon v. Allied Professionals Ins. Co.*, 344 S.W.3d 205, 210 (Mo.App. E.D.2011). A valid choice of law provision in a contract binds the parties. *Citibank (South Dakota), N.A. v. Wilson*, 160 S.W.3d 810, 812 (Mo.App. W.D.2005).

Section 507.070.1(3), RSMo 2000 does not require all questions of law or fact to be common. Moreover, the "mere existence of state law variations is not alone sufficient to preclude class certification." *Newberg on Class Actions*, section 4:25 at 163. The members of the putative class all have common issues which would be best resolved by certification of the nationwide class.

As Bass Pro notes, there may be situations where a party can demonstrate that another state has a fundamental policy and greater interest than Missouri. This might be the case, for instance, where the law being applied would deny the citizens of other jurisdictions fundamental rights or privileges which they would enjoy under their own states' laws. In such cases, the circuit court could consider this as it engaged in a choice of law analysis and determined whether a class action was appropriate. But, here, Bass Pro is a Missouri citizen. Bass Pro's objection to the application of Missouri law is that it benefits some non-Missouri plaintiffs by allowing them to sue Bass Pro for the unauthorized practice of law when they might not be able to do so in their home states because of a different definition of unauthorized practice in those states. Bass Pro has not identified any state that has a fundamental policy of denying its citizens relief from the unauthorized practice of law in another state. Bass Pro's policy argument is without merit.

In this case, the circuit court correctly identified that a class action is "an 'economical means for disposing of similar lawsuits' while simultaneously protecting defendants from inconsistent obligations and the due process rights of absentee class members." *Coca–Cola*, 249 S.W.3d at 860. Due to the forum selection clause, all claims arising from the documents drafted by Bass Pro must be litigated in Greene County. The allegation of potential differences in state law is insufficient to defeat the class; there are sufficient common issues of fact that favor class certification, and all of the purchase agreement documents required the application of Missouri law to any claim. At this preliminary stage of the litigation, courts favor certification as the class may be refined as the case progresses. *See Fluor Corp.*, 220 S.W.3d at 715.

## Conclusion

The circuit court abused its discretion by limiting the putative class members to only those whose transactions occurred in Missouri. Relators merely request the circuit court certify the class based upon the language of the contract drafted by Bass Pro. The class of plaintiffs that Relators seek to certify is limited to those who where charged a document preparation fee and whose contracts contained the Missouri choice of law provision. Accordingly, the preliminary writ of prohibition is made permanent.

All concur.