366 S.W.3d 95 (2012)
STATE ex rel. DIRECTOR OF REVENUE, State of Missouri, Relator,
v.
The Honorable Gerald D. McBETH, Assigned Judge of The Circuit Court of Platte, Co., Judicial Circuit, Respondent.
No. WD 74514.
Missouri Court of Appeals, Western District.
May 9, 2012.
*96 James A. Chenault, III, Jefferson City, MO, and Amy R. Ashelford, Platte City, MO, for appellant.
James D. Boggs, W. Christian Boggs, Kansas City, MO, for respondent.
*97 Before: LISA WHITE HARDWICK, C.J., and JAMES M. SMART and ALOK AHUJA, JJ.
ALOK AHUJA, Judge.
This is an original proceeding in which the Director of the Missouri Department of Revenue seeks a writ of prohibition directed to Judge Gerald D. McBeth, sitting by assignment in the Circuit Court of Platte County. In the underlying action, James D. Boggs petitioned for review of the Director's revocation of his driver's license, based on his refusal to submit to a chemical breath test following his arrest for driving while intoxicated. The trial court entered orders disqualifying the Platte County Prosecuting Attorney's Office, and a Department of Revenue staff attorney, from representing the Director. The court appointed a special prosecutor in their place. We granted a preliminary writ of prohibition preventing the trial court from enforcing its disqualification orders, and now make the writ absolute.

Factual Background
On January 23, 2011, Boggs was arrested for driving while intoxicated. Boggs allegedly refused to submit to a chemical breath test, and his license was accordingly revoked under § 577.041.1.[1] Pursuant to § 577.041.4, Boggs petitioned for review of the revocation in the circuit court on February 4, 2011. This civil case  in which the challenged disqualification orders were entered  was assigned docket number 11AE-CV00381.
On May 6, 2011, the Prosecutor's Office filed an information in the circuit court charging Boggs with driving while intoxicated in violation of § 577.010. The criminal case was assigned docket number 11AE-CR01139.
Assistant Prosecuting Attorney Amy R. Ashelford appeared on behalf of the Director in the civil case, and for the State in the criminal case.
On October 6, 2011, Ashelford served Boggs with a notice to take his deposition in the license revocation case on October 17, 2011. According to Boggs' disqualification motion, he advised the Prosecutor's Office that he would assert his privilege against self-incrimination under the Fifth Amendment to the United States Constitution in any deposition, "as to all inquiries regarding the facts or circumstances which gave rise to his arrest and events occurring subsequent thereto." According to Boggs' motion, the Prosecutor's Office then stated that if Boggs' invoked his Fifth Amendment privilege, the Director would move to strike Boggs' petition or seek to prevent him from testifying at trial.
In response, Boggs moved on October 12, 2011, to disqualify the Prosecutor's Office from representing the Director in the license revocation case. Boggs' motion argued that, if the court were to grant a future request to strike his pleadings, or preclude him from testifying, he "would be effectively deprived of any opportunity to challenge the Director's determination." Further, Boggs' motion argued that simultaneous litigation of the civil and criminal cases by the Prosecutor's Office would permit prosecutors "to obtain information, testimony and strategy that [they] may readily use in the criminal proceeding but which [they] could not ethically or directly obtain in that action without violating [Boggs'] constitutional rights." Boggs concluded that,

*98 [a]s a "minister of justice" [under the comments to Supreme Court Rule 4-3.8], Mrs. Ashelford cannot effectively honor her duty to zealously represent her client, the Director, while at the same time honoring her responsibility, as a prosecutor, to see that Petitioner, as a defendant in the criminal proceeding, is accorded procedural justice. Such an inherent conflict necessitates that the Platte County Prosecutor's Office be disqualified as counsel for the Director in the instant civil action.
It is a fundamental premise of our society that the State wield its formidable criminal enforcement powers in a rigorously disinterested fashion, for liberty itself may be at stake in such matters. Appointment or representation of an interested prosecutor in the instant proceeding creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general.
On October 20, 2011, James A. Chenault, III, Senior Counsel in the Department of Revenue's General Counsel's Office, entered his appearance as co-counsel for the Director.
The Director filed suggestions in opposition to Boggs' disqualification motion on October 21, 2011. The Director pointed out that, under § 577.041.4, the Prosecuting Attorney is required to "appear at the hearing on behalf of the director of revenue" in license revocation cases, and that it frequently occurs that the Prosecuting Attorney is simultaneously representing the State in related criminal proceedings. The Director argued that, if the court accepted Boggs' claim of an inherent conflict of interest, "no prosecutor [could] represent the Director in any case brought pursuant to Mo.Rev.Stat. § 577.041," effectively nullifying the legislature's directive that county prosecutors represent the Director in such cases. The Director noted that the Office of Chief Disciplinary Counsel had issued two informal advisory opinions under Rule 5.30(c), concluding that there was no conflict of interest inherent in such concurrent representation. The Director also argued that the concerns raised by Boggs  that invocation of his privilege against self-incrimination could prejudice him in the revocation proceeding, and that any statements he made in the civil case could be used against him in his criminal prosecution  would exist whether the Director was represented by the Prosecuting Attorney, or by other counsel. To the extent Boggs claimed that the Prosecuting Attorney's Office would not be capable of zealously representing the Director, due to its ethical obligations in connection with the criminal case, the Director attached a letter of the Department of Revenue's Managing Counsel formally waiving any conflict.
On October 24, 2011, the trial court granted Boggs' motion to disqualify the Prosecuting Attorney's Office without explanation, and took under advisement the propriety of Chenault's entry of appearance as co-counsel. On November 1, 2011, the trial court entered an Order Disqualifying Director of Revenue as Co-Counsel. That order stated:
his is an action brought under Section 577.041 RSMo which provides that the Prosecuting Attorney shall appear and represent the Director of Revenue in cases brought under Section 577.041. That section grants no authority to the Director of Revenue to enter a refusal case. The Department of Revenue is an administrative agency with powers limited to those granted by statute. The COURT FINDS the Director of Revenue has no statutory authority to enter his appearance in an action brought under Section 577.041 and is therefore prohibited *99 from so doing. It is therefore incumbent on the Court to appoint a Special Prosecuting Attorney to represent the Director.
On November 2, 2011, the circuit court appointed Steven B. Salmon to serve as Special Prosecuting Attorney in this case.
On November 10, 2011, the Director petitioned this Court for an extraordinary writ prohibiting the trial court from enforcing its orders disqualifying the Prosecutor's Office and the Department's Senior Counsel. We granted the preliminary writ, and stayed further proceedings in the license revocation case pending further order.[2] The parties then briefed the case pursuant to Supreme Court Rule 84.24(i).

Analysis
A writ of prohibition is available:
(1) to prevent a usurpation of judicial power when the circuit court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.
State ex rel. McKeage v. Cordonnier, 357 S.W.3d 597, 599 (Mo. banc 2012) (citing State ex rel. Houska v. Dickhaner, 323 S.W.3d 29, 32 (Mo. banc 2010)). Whether to issue a writ lies within our discretion; an extraordinary writ "does not issue as a matter of right." State ex rel. Horn v. Ray, 325 S.W.3d 500, 504 (Mo.App. E.D. 2010).
The irreparable harm category makes prohibition available "when there is an important question of law decided erroneously that would otherwise escape review by this Court, and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision." This category allows prohibition to be considered as a remedy if a trial court disqualifies a lawyer from representing a client because the trial court's judgment, if erroneously entered, would cause considerable hardship and expense and the issue would otherwise escape appellate review.
State ex rel. Thompson v. Dueker, 346 S.W.3d 390, 393 (Mo.App. E.D.2011) (citations omitted). Irreparable harm justifying issuance of an extraordinary writ has been found in multiple cases in which a trial court disqualified a prosecuting attorney's office. See, e.g., State ex rel. Bennett v. Ravens, 258 S.W.3d 929, 931 (Mo.App. W.D.2008); State v. Eckelkamp, 133 S.W.3d 72, 75 (Mo.App. E.D.2004); State ex rel. Horn v. Ray, 138 S.W.3d 729, 735 (Mo.App. E.D.2002).
The Director's writ petition challenges both disqualification orders entered by the trial court: the order disqualifying the Platte County Prosecuting Attorney's Office, and the order disqualifying Department of Revenue Senior Counsel Chenault. At oral argument, however, the Director took the position that if we prohibited the trial court from disqualifying the Prosecuting Attorney's Office, there would be no need for this Court to separately address the disqualification of the Department's staff counsel. We proceed, then, to address the order disqualifying the Prosecutor's Office.[3]
*100 The Prosecuting Attorney's Office's simultaneous representation of the Director in this license revocation case, and of the State in Boggs' criminal prosecution, arises due to the interplay of two statutes. Section 56.060.1 provides generally:
Each prosecuting attorney shall commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned, defend all suits against the state or county, and prosecute forfeited recognizances and actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or county.
Thus, the Prosecuting Attorney's Office is statutorily obligated to prosecute "all ... criminal actions ... in which the county or state is concerned," which includes the driving while intoxicated prosecution currently pending against Boggs. At the same time, § 577.041.4 specifically provides that "the prosecutor shall appear at the hearing on behalf of the director of revenue" in any proceeding seeking review of the revocation of a driver's license for failure to submit to a chemical breath test.
Proceedings for review of driver's license revocations are frequently pending at the same time as related criminal prosecutions. Under §§ 56.060.1 and 577.041.4, Prosecuting Attorneys are required to appear and represent the interests of the State in both actions. Boggs' argument-that a prosecutor suffers from "an inherent conflict" in this situation, and cannot simultaneously serve in both roles  would have the effect of nullifying one or both of the statutory commands. We cannot adopt or sanction a doctrine of "inherent conflict" which would require the court to prohibit prosecutors from simultaneously performing these two separate functions, where each is unambiguously mandated by statute.
Boggs' contention that an "inherent conflict" arises whenever a prosecutor simultaneously handles related civil and criminal proceedings is inconsistent with our decision in State v. Harris, 939 S.W.2d 915 (Mo.App. W.D.1996). In Harris, a criminal defendant argued that a prosecutor should have been barred from prosecuting a criminal case where he was also representing two members of the county's Sheriff's Department in a related civil suit brought by the defendant (as required by § 56.060.1). Id. at 919. We rejected this argument, emphasizing that "a prosecutor may be disqualified only when he has a personal interest of a nature which might preclude his according the defendant the fair treatment to which he is entitled.'" Id. (quoting State v. Stewart, 869 S.W.2d 86, 90 (Mo.App. W.D.1993)); see also Cole *101 v. State, 2 S.W.3d 833, 835 (Mo.App. S.D. 1999).
Harris held that "the trial court did not err in refusing to disqualify [the prosecutor] from representing the State in the criminal trial simply because, as prosecuting attorney, he also represented the interests of the county and its officers in a civil lawsuit filed thereafter by the defendant." Id. at 921. Harris supported this holding by citing State v. Dahms, 252 Mont. 1, 825 P.2d 1214, 1219 (1992), which addressed similar circumstances, and State v. Sonka, 893 S.W.2d 388, 389 (Mo.App. S.D. 1995), which held that a criminal defendant's filing of a civil suit against the prosecutor himself did not require the prosecutor's disqualification in the criminal case. Harris, 939 S.W.2d at 920-21. Under these decisions, the mere fact that the Platte County Prosecuting Attorney's Office was simultaneously litigating related civil and criminal cases did not, by itself, justify the Office's disqualification in either case. Boggs' "inherent conflict" argument goes too far.[4]
The procedural and evidentiary rules in civil cases (including this revocation case) differ in significant respects from those in criminal cases. It is from this difference that this controversy arises. Boggs' disqualification motion emphasized that Assistant Prosecuting Attorney Ashelford had noticed Boggs' deposition in the civil case. Boggs believes the purpose of the deposition is to gain discovery of matters that may have relevance to the criminal case, but which would not be discoverable in the criminal case itself. Boggs' motion also noted that the prosecutor had threatened to seek sanctions in the civil case if Boggs invoked his privilege against self-incrimination in his deposition.
Boggs raises legitimate concerns that prosecutors could use civil discovery devices to learn information which could be used in the criminal case, and that the pendency of the criminal case could handicap his litigation of the license revocation case. Harris recognized these concerns: it specifically noted  twice  that the prosecutor in that case had agreed to delay discovery in the civil case until the criminal case was concluded. 939 S.W.2d at 919-20. The concerns Boggs raises may have special force here, where we were informed by the Director's counsel at oral argument that it is unusual for the Director to take depositions in such license revocation cases (assuming such discovery is even available),[5] and that it is typical in these circumstances for the criminal charges to be resolved before disposition of the license revocation case.
Cases from other jurisdictions have similarly noted the difficulties which may arise when related civil and criminal cases proceed simultaneously.[6] However, these cases have generally held that the sorts of concerns Boggs raises can be addressed through the trial court's exercise of case *102 management tools, such as the entry of appropriate protective orders, or stays of all or part of the civil litigation. Indeed, as the Director points out, it may be that Boggs' concerns are better addressed by such devices than by a broad disqualification order, since any special prosecutor could seek to proceed in exactly the same way as the regular prosecution team. The disqualification ruling is, we believe, a drastic response to an otherwise manageable problem. Boggs did not seek any less drastic form of relief, however, and instead responded to the Director's notice of deposition by seeking to entirely remove the Prosecuting Attorney's Office from the proceeding.
We note that Judge McBeth is assigned to preside over both the civil and criminal cases. He is thus situated especially well to address, through case management measures, any tendency of either party to seek to take undue advantage by playing one case off against the other. It is not for us to specify how the trial court, in its discretion, should address any concerns Boggs or the State may raise, and our decision today should not be read as deciding what relief, if any, is appropriate in the interests of justice and efficient case management.[7] We hold only that the potential difficulties presented by the Prosecutor's simultaneous participation in the civil and criminal cases, standing alone, do not justify the disqualification of the entire Prosecuting Attorney's Office, given the statutory mandates contained in §§ 56.060.1 and 577.041.4.
We also emphasize that Boggs' disqualification motion did not allege that the Prosecuting Attorney, or any member of his office, had any personal interest in the license revocation or DWI cases, due for example to prior legal representation of, or other professional or social dealings with, Boggs or others. Nor did the motion allege that prosecutors were animated by any ulterior motive in their litigation of the two cases. Beyond Boggs' motion, the record contains no indication that prosecutors' actions have been influenced by outside personal interests. Respondent's counsel did not identify any such external interests in his appellate brief, or when asked at oral argument to list the grounds supporting the disqualification order. Obviously, the existence of such personal interests would present a different case than the one before us, and our opinion today should not be read to deny trial courts the authority to address such situations as appropriate.[8]

Conclusion
For the foregoing reasons, our preliminary writ is made absolute. The trial *103 court is prohibited from enforcing its order disqualifying the Platte County Prosecuting Attorney's Office from representing the Director of Revenue in Case No. 11AE-CV00381. Given our disposition, we need not address the trial court's separate order disqualifying Department of Revenue staff counsel from appearing on the Director's behalf.
All concur.
NOTES
[1] Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated by the 2011 Cumulative Supplement.
[2] We were informed at oral argument that the criminal prosecution against Boggs remains pending.
[3] Citing Campbell v. Director of Revenue, 297 S.W.3d 656 (Mo.App. W.D.2009), and Payne v. St. Louis Grain Corp., 562 S.W.2d 102 (Mo. App.1977), the Director argues that Boggs lacked standing to seek disqualification of opposing counsel. The question in this writ proceeding, however, is not Boggs' standing to seek disqualification, but the trial court's power to order it. With respect to the trial court's authority, the following observations are relevant:

The courts have not only the duty to dispense justice, but the equally important duty to maintain the integrity of the judicial system. The court has the inherent power to do what is reasonably necessary for the administration of justice, including disqualifying an attorney where a conflict of interest clearly calls into question the fair or efficient administration of justice. "[The] courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."
State ex rel. Horn, 325 S.W.3d at 511 (citations omitted). We note that in both Campbell and Payne, an appellant sought to argue that a judgment against it should be reversed because the trial court had erroneously failed to disqualify opposing counsel. In that context, Campbell held that an appellant could not establish reversible error without some showing that the appellant was prejudiced by the trial court's ruling. 297 S.W.3d at 658-59. Given the different procedural posture, Campbell and Payne are inapplicable here.
[4] We deal here with the situation in which a prosecuting attorney is representing public agencies or officers in parallel civil and criminal cases, in discharge of the prosecutor's official duties imposed by statute. We do not address the ethical issues which may arise when a prosecutor's current or former private practice intersects with the discharge of the prosecutor's official duties.
[5] See Hunsucker v. Fischer, 221 S.W.3d 433, 435-36 (Mo.App. W.D.2006); id. at 436-37 (Spinden, J., dissenting).
[6] See, e.g., Degen v. United States, 517 U.S. 820, 825-27, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996); United States v. Kordel, 397 U.S. 1, 11-12, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96-105 (2d Cir.2012); Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77-79 (1st Cir.2004); Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1202-07 (Fed.Cir.1987); Ex parte Ebbers, 871 So.2d 776 (Ala.2003).
[7] In this regard, we note that prior Missouri decisions have addressed whether a trial court's refusal to stay civil proceedings pending the disposition of a related criminal case violates the Fifth Amendment, or denies due process. See, e.g., Johnson v. Mo. Bd. of Nursing Adm'rs, 130 S.W.3d 619, 645-46 (Mo.App. W.D.2004); In re Thomas, 926 S.W.2d 163, 166 (Mo.App. E.D.1996); Clark v. Wentzville R-IV Sch. Dist., 848 S.W.2d 608, 609 (Mo. App. E.D.1993); Lang v. Lee, 639 S.W.2d 111, 113-14 (Mo.App. W.D.1982); Cox v. McNeal, 577 S.W.2d 881, 887-88 (Mo.App. E.D.1979).
[8] See, e.g., State v. Ross, 829 S.W.2d 948, 951-52 (Mo. banc 1992) (disqualification of entire prosecuting attorney's office warranted where two members of law firm representing criminal defendant in civil suit brought by assault victim also worked as part-time county prosecutors); State v. Newman, 605 S.W.2d 781, 787 (Mo. 1980) (disqualification motion based on prosecutor's personal and professional relationship with murder victim and victim's family); State v. Walters, 241 S.W.3d 435, 437-38 (Mo.App. W.D.2007) (disqualification motion based on prosecutor's former representation of criminal defendant in unrelated matter); Adkins v. State, 169 S.W.3d 916, 919-20 (Mo.App. W.D.2005) (disqualification motion based on prosecutor's familiarity with murder victim's family).